ELLIS, Judge.
This is a suit by Clinton Bank & Trust Company against Thomas Royal for the rescission of a dation en paiement of a truck on which plaintiff had held a chattel mortgage. Judgment was rendered setting aside the dation en paiement and ordering the return of the chattel mortgage and the note secured thereby to plaintiff. Defendant has appealed.
It is not disputed that defendant executed a promissory note in favor of plaintiff on January 14, 1970, in the original principal sum of $4,246.92, secured by a chattel mortgage on a 1967 Chevrolet truck. In October, 1970, the defendant filed a petition in bankruptcy, was adjudicated a bankrupt, and received his discharge. At some point during the proceedings, the bankruptcy court disclaimed the 1967 Chevrolet truck which was covered by the chattel mortgage.
However, between the time of execution of the original note and the date of the petition in bankruptcy, a tree had fallen on the 1967 truck, and so damaged its cab and chassis that it was no longer operable as such. Defendant testified that its six cylinder engine was worn out.
Thereafter, defendant acquired a 1966 cab and chassis, and a V-8 engine, and, utilizing only the rear wheels of the 1967 truck, proceeded to build a new truck. It was this latter truck which he delivered to the plaintiff when the dation en paiement was made. When the dation was executed, defendant told plaintiff’s attorney that there was a different cab and a different engine on the truck. The attorney for the plaintiff said he made no objection at that time because he felt that the cab and engine were mounted on the original frame, and therefore the original truck was being delivered. It was not until the truck was actually brought in that it was discovered that it was not the same truck which was *370 originally mortgaged and which was described in the dation en paiement. This suit was thereafter filed in order to set aside the original dation on the grounds of fraud and misrepresentation on the part of the defendant.
It is defendant’s position that he committed no fraud and made no misrepresentations, since he told the plaintiff’s attorney at the time he executed the dation en paiement that he had changed the cab and the engine in the original truck. He claims that for that reason, plaintiff knew what it was getting, and alleges that plaintiff is better off with the truck they have, since the object of the mortgage has been destroyed. He says that they have in no way been harmed because of the mis-description in the dation en paiement.
Plaintiff’s position is that it accepted a dation en paiement of a vehicle on which they held a mortgage, and that another vehicle was delivered to it. They claim that the dation is therefore a nullity, and that they are entitled to receive back the note and chattel mortgage which they surrendered.
It is clear that there was no fraud or misrepresentation made by defendant. It is equally clear that the plaintiff, which was unaware of the destruction of the 1967 truck, thought that it would receive the vehicle described in their mortgage and in the dation en paiement.
Articles 2655 and 2656 of the Civil Code provide as follows:
“The giving in payment is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.”
“That giving in payment differs from the ordinary contract of sale in this, that the latter is perfect by the mere consent of the parties, even before the delivery, while the giving in payment is made only by delivery.”
The contract is not complete until delivery of the object of the contract. It is clear that there was never any meeting of the minds between the parties with respect thereto, and that the object which the plaintiff expected to receive was never delivered. Defendant delivered the only truck which he owned, but it cannot be contended that it was the same truck which he had mortgaged to the plaintiff. We are of the opinion that no delivery of the object of the dation en paiement was made, that the contract was never perfected, and is, therefore, a nullity. Plaintiff is entitled to receive back its note and mortgage, and defendant is entitled to the return of the truck.
The judgment appealed from is affirmed, at defendant’s cost.
Affirmed.